IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 2:08-CV-194-J |
| RABO AGRIFINANCE, INC. AND | § | (JURY DEMANDED) |
| AG ACCEPTANCE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**<u>TERRA PARTNERS RESPONSE IN OPPOSTION</u>**
**<u>TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Respectfully submitted,

Steven E. Clark
Texas Bar No. 04294800

CLARK &MILBY, PLLC
Elm Place
1401 Elm St., Suite 3404
Dallas, Texas  75202
Tel.: 214-220-1210
Fax: 214-220-1218
Email: sclark@camfirm.com

ATTORNEYS FOR PLAINTIFF TERRA PARTNERS

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

**COMES NOW,** Terra Partners, Plaintiff, and files its Response to the Motion for Summary Judgment of Defendants Rabo Agrifinance, Inc. ("Rabo") and Ag Acceptance Corporation ("AAC"), and in support of same would show:

## I.
### Basis of Defendant's Motion

Defendants Rabo and AAC make four arguments for summary judgment on Terra Partners' claim for conversion of their property:

1.  Res judicata bars the conversion claim, as it should have been asserted in the Friemel litigation[1];

2.  Defendants had the superior right to possess the property in which Terra Partners asserts a leasehold interest;

3.  Terra Partners, through Steve Veigel and Bill Kirk, made an agreement during the eviction proceedings to leave their property on the real estate; and

4.  The statute of limitations bars the conversion claim because the original state court pleading filed before limitations ran was ineffectual due to its failure to bear counsel's signature.

Defendants raise four arguments in seeking summary judgment on Terra Partners' claim for declaratory relief:[2]

---

[1] Defendants also argue, but fail to address or brief, that the conversion claim is barred by other litigation between the parties. Therefore, Terra Partners' response focuses on the single briefed argument that the conversion claim should have been asserted in the Friemel litigation. To the extent that Defendants may suggest that the conversion claim should have been asserted in the In Rem suit previously determined by this Court (Civil Action No. 2:06-CV-153-J), the 5th Circuit has held that res judicata and collateral estoppel do not attach to a counterclaim for declaratory relief other than issues actually presented for determination. See, *Kaspar Wire Works, Inc. v. Leco Eng. & Mach., Inc.*, 575 F.2d 530, 537 (5th Cir. 1978).

[2] Defendants also seek summary judgment on their counterclaim for declaratory relief. The counterclaim is the subject of Terra Partners' Motion to Strike, which is incorporated by reference. Terra Partners submits that any ruling as to Defendants' counterclaim for declaratory relief should be deferred until after

1.     The terms of Terra XXI's confirmed Bankruptcy Plan make the Diversified Judgment inferior to AAC's lien which it foreclosed in September, 2003;

2.     The Diversified Judgment lien couldn't attach to Terra XXI's 75% interest in the 960 acres because Terra XXI didn't own the land at the time of filing bankruptcy;

3.     AAC's purchase money lien is superior to a judgment lien; and

4.     The Diversified Judgment lien didn't attach to Robert Veigel's 25% interest in the 960 acres because Terra Partners released him from liability for the Diversified Judgment.

## II.
## Plaintiff's Response in Opposition to Motion for Summary Judgment

In support of its opposition to Defendants' Motion for Summary Judgment, Plaintiff Terra Partners relies upon its Appendix of Summary Judgment Evidence being submitted with this Response and Supporting Brief, which Terra Partners incorporates herein by reference.

In summary reply to the issues raised in Defendants' motion (as stated above), Terra Partners submits there are the following material issues of fact and contested issues of law which make summary judgment inappropriate:

1.     Plaintiff's Claim for Conversion:

   a) Res judicata does not bar Terra Partners' conversion claim, as the parties agreed in settling the Friemel litigation that existing litigation, including this action, was carved out of the release language. Under Texas and federal law, res judicata is not applicable where the parties have entered into a judgment of dismissal based on a settlement where existing claims are preserved in other litigation.

   b) While Defendants may have had a contractual right of possession to the equipment under their security agreements, Defendants waived pre-judgment remedies

---

the Court rules on the pending Motion to Strike, at which time Terra Partners should be afforded the opportunity to submit further response and briefing should the Court rule that the Defendants' Counterclaim is not stricken.

allowing for Defendants to take possession or deny Plaintiff's actual possession and use of the equipment, chosing instead to seek judicial foreclosure. Their attempted possession of the equipment during the eviction process violated this Court's temporary injunction allowing Plaintiffs to use the equipment on the farm and breached the peace.

      c) Disputed issues of fact exist whether an agreement was reached allowing Defendants to possession of Terra Partners' equipment and property. The deposition testimony of Cliff Walston, one of the attorneys for Defendants, that an agreement was made is contradicted by the deposition testimony of both Bill Kirk and Steve Veigel, representatives of Terra Partners.

      d) Terra Partners' conversion claim was filed one day before limitations ran, and any deficiency regarding the signature of its counsel once cured relates back to the original date of filing for limitations purposes under Texas law.

2.      Plaintiff's Claim for Declaratory Relief:

      e) Defendants' foreclosure in September 2003 was done subject to the Diversified judgment lien, as AAC judicially admitted at trial in the State Court Wrongful Foreclosure Suit, Cause CI-04B-011 in the 222nd District Court in and for Deaf Smith County.

      f) Under state law, the Diversified judgment lien attached once Terra XXI acquired title to the 75% interest in the 960 acres from Defendants.

      g) AAC did not rely on its purchase money security lien when it foreclosed on the 75% interest in the 960 acre tract.

      h) Under Texas law, the release by Terra Partners of Robert Veigel did not operate to extinguish the existing Diversified judgment lien to which he was equitably subrogated when he paid off the judgment in full. Furthermore, Defendants are barred by res judicata/collateral estoppel by failing to raise the extinguishment of the Diversified lien in Cause 2:06-CV-00153-J in this Court and Cause CI-06K-166 in the 222nd District Court of Deaf Smith County, Texas.

      The legal and factual grounds on which Terra Partners relies in its opposition to the motion for summary judgment of Defendants are set forth in the accompanying Brief in Opposition to Defendant's Motion for Summary Judgment.

Respectfully submitted,

/s/ Steven E. Clark
Steven E. Clark
Texas Bar No. 04294800

CLARK &MILBY, PLLC
Elm Place
1401 Elm St., Suite 3404
Dallas, Texas  75202
Tel.: 214-220-1210
Fax: 214-220-1218
Email: sclark@camfirm.com

ATTORNEYS FOR PLAINTIFF TERRA PARTNERS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING PLEADING WAS SERVED BY ELECTRONIC FILING ON COUNSEL FOR DEFENDANTS ON THIS 26TH DAY OF MAY, 2009.

/s/ Steven E. Clark