IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 2:08CV194 |
| | § | |
| RABO AGRIFINANCE, INC. and AG | § | |
| ACCEPTANCE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' REPLY BRIEF ON MOTION FOR SUMMARY JUDGMENT

Defendants, Rabo Agrifinance, Inc. and Ag Acceptance Corporation (collectively "**Defendants**"), file this Reply Brief on their Motion for Summary Judgment in order to respond to the arguments and evidence presented in Terra Partners' Brief in Opposition to Defendants' Motion for Summary Judgment ("**Plaintiff's Response**"). Defendants are entitled to judgment as a matter of law because Plaintiff Terra Partners has failed to carry its burden of proof in responding to Defendants' summary judgment motion.

In addition, concurrent with this filing, Defendants are also filing objections to and a motion to strike the vast majority of Steve Veigel's Affidavit in Support of Plaintiff's Response. In addition to offering improper hearsay evidence in his attempts to summarize legal documents and filings, Steve Veigel continues his attempts to practice law without a license by offering his own legal interpretations of documents and court rulings. These improper legal conclusions must be excluded from evidence.

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... ii

TABLE OF AUTHORITIES .............................................................................................. iii

I.    Plaintiff's Conversion Claims Should Be Dismissed on Summary Judgment .................. 1

      A.    The Doctrine of *Res Judicata* Bars Plaintiff's Claims.......................................... 1

      B.    Plaintiff Did Not Carry Its Burden to Show That It Had a Superior Right to
            Possession of the Allegedly-Leased Property..................................................... 3

            1.    Plaintiff completely failed to provide any evidence responding to
                  Defendants' proof that Plaintiff did not have a valid lease........................ 4

            2.    Plaintiff completely failed to refute Defendants' proof that the
                  controlling Security Agreements bar a claim for conversion .................... 5

            3.    The Security Agreements authorize Defendants to take possession of
                  collateral and Defendants did not breach the peace at the October 2006
                  eviction............................................................................................ 5

      C.    There is No Genuine Issue of Material Fact that Plaintiff's Conversion
            Claims are Barred Because Terra Partners Agreed to Leave the Equipment
            on the Farm ................................................................................................... 8

      D.    Unless Plaintiff Concedes that Texas Rule of Civil Procedure 13 (the
            Equivalent of Federal Rule 11) Applies to its Original Petition, its
            Conversion Claims are Barred by the Statute of Limitations ............................ 10

II.   Terra Partners Fails to Raise a Genuine Issue of Material Fact Showing its Alleged
      Subrogation Right Attaches to Any Property in Which Defendants Have an Interest ..... 11

      A.    As Specifically Stated in the Bankruptcy Plans, Diversified's Lien on
            Terra XXI's Real Property was Inferior to Ag Acceptance Corporation's Lien .. 11

      B.    Plaintiff Misstates Dates Regarding the 75% Interest in the 960 Acres ............... 12

      C.    The Diversified Lien is Not Superior to Rabo Agrifinance, Inc.'s Claim
            of Title in the 25% Interest in the 960 Acres ...................................................... 14

      D.    Defendants are Entitled to Summary Judgment on their Second
            Counter-Claim................................................................................................ 14

CONCLUSION.................................................................................................................. 15

## TABLE OF AUTHORITIES

**CASES**                                                                                  **PAGE**

*Anderson v. Liberty Lobby*
    477 U.S. 242, 106 S. Ct. 2505 (1986)..................................................................3, 5

*Andrews v. CompUSA, Inc.*
    2002 WL 265089 (N.D. Tex. 2002), *aff'd* 54 Fed. Appx 413 (5th Cir. 2002)...............4

*Conlee Seed Co. v. Brandvik*
    526 S.W.2d 795, 798 (Tex. App.—Amarillo 1975, no writ)........................................8

*Continental Credit Corp. v. Wolfe City National Bank*
    823 S.W.2d 687 (Tex. App. - Dallas 1991, no writ)...................................................3, 8

*Curtis v. Anderson*
    106 S.W.3d 251 (Tex. App. - Austin 2003, pet. denied) ..............................................3

*Kaspar Wire Works v. Leco Engineering & Machine, Inc.*
    575 F.2d 530 (5th Cir. 1978) ....................................................................................2, 3

*Norfolk v. Chevron U.S.A..*
    371 F.3d 1285 (11th Cir. 2004) ....................................................................................3

*Oreck Direct, LLC v. Dyson, Inc.*
    560 F.3d 398 (5th Cir. 2009) ........................................................................................2

*Waisath v. Lack's Stores, Inc.*
    474 S.W.2d 444 (Tex. 1971)..........................................................................................8

**STATUTES**

    11 U.S.C. § 1141(d)......................................................................................................13
    Fed. R. Civ. P. 56(e)(2).............................................................................................3, 4, 5
    Fed. R. Civ. P. 56(3).................................................................................................3, 4, 5
    N.D. Local Rule 56.5(c).............................................................................................4, 5, 7
    Tex. Prop. Code § 24.0061 ........................................................................................6, 7
    Tex. Prop. Code § 24.0061(d)(2)(B)................................................................................7
    Tex. Prop. Code § 24.0061(d)(2)(c).................................................................................7
    Tex. Prop. Code § 24.0061 (d)-(h)..................................................................................7
    Tex. Prop. Code § 24.006(h)............................................................................................7

## I.   PLAINTIFF'S CONVERSION CLAIMS SHOULD BE DISMISSED ON SUMMARY JUDGMENT

Multiple, independent grounds for summary judgment bar Plaintiff's conversion claims:

(1)   the doctrine of *res judicata* bars all of the conversion claims;

(2)   all conversion claims regarding the allegedly-leased property fail because Defendants had a superior right of possession for at least three, independent reasons, any one of which is sufficient for summary judgment:

    (a)   Plaintiff wholly failed to prove a valid leasehold interest in the property;

    (b)   The controlling Security Agreements specifically bar claims for conversion; and

    (c)   Defendants have a right to take possession of their collateral;

(3)   Defendants' possession of all of the property was not unauthorized; Plaintiff agreed to leave the property on the land; and

(4)   The statute of limitations bars all of Plaintiff's conversion claims.

### A.   The Doctrine of *Res Judicata* Bars Plaintiff's Claims

Plaintiff's Response fails to raise a genuine issue of material fact that would prevent summary judgment on all of Plaintiff's conversion claims. As shown in Defendants' Brief in Support of Defendants' Motion for Summary Judgment at pages 8-13 ("**Defendants' Brief**"), Terra Partners has split its conversion claim and has attempted to assert the same conversion claims, arising out of the same October 23, 2006 eviction, in both this suit and the Friemel Suit. Indeed, in his Affidavit in Support of Terra Partners' Response to Defendants' Motion For Summary Judgment, Steve Veigel plainly states that this case and the Friemel Suit both contained claims for conversion of the same personal property and equipment:

> Terra Partners did not raise any conversion claim related to the personal property and equipment at issue in this case in the Friemel Suit **until Terra Partners filed its Second Amended Cross-Claim** [in the Friemel Suit] on October 3, 2008.

Affidavit of Steve Veigel, Plaintiff's Ex. J, ¶6, p. 3 of affidavit (emphasis added). Thus, Terra Partners concedes that, before this suit was filed, it was already asserting conversion claims for

the same "personal property and equipment" in the Friemel Suit.[1]  Therefore, as fully briefed in

Defendants' Brief, the doctrine of *res judicata* and the prohibition against claim-splitting bars re-

litigation of the conversion claims in this lawsuit.

Nevertheless, Plaintiff argues that it can avoid the *res judicata* effect of the Friemel Suit

because the Friemel Settlement carved out the present litigation and allows Terra Partners to

pursue this litigation.  Terra Partners, however, only reveals part of the story.  The Friemel

Settlement did allow Terra Partners to pursue this suit, but it also specifically stated, "The Rabo

Entities reserve all rights to *fully defend and prosecute* any and all claims asserted or that will be

asserted . . ."  Friemel Settlement, Defendants' Ex. I, D.App. p. 135.[2]  Plaintiff also fails to

inform the Court that, at the time of the Friemel Settlement, Defendants had already asserted *res*

*judicata* as an affirmative defense in this litigation.  *See* Defendants' Original Answer, Docket

Entry 1-5, page 37, filed on October 30, 2008.  The Friemel Settlement cannot deprive

Defendants of a defense that Defendants *had already asserted* in this litigation; indeed, the

Friemel Settlement specifically permitted Defendants to "fully defend" this case.  Thus, because

the conversion claims in this case and the conversion claims in the Friemel Suit arise out of the

same transaction or occurrence, the doctrine of *res judicata* bars their re-litigation in this case.

Further, the cases cited in Plaintiff's Response are either inapplicable or irrelevant to the

analysis.  First, Plaintiff's primary case, *Kaspar Wire Works v. Leco Eng'g & Machine, Inc.*, 575

F.2d 530 (5th Cir. 1978), addresses a question of collateral estoppel or issue preclusion.  In

contrast, the present case presents a question of claim preclusion.  *See also Oreck Direct, LLC v.*

---

[1]     *See also*, Defendants' Brief, p.8-10 comparing the two suits.

[2]     In this brief, Defendants will refer to the evidence contained in the Appendix submitted in support of Defendants' Motion for Summary Judgment.  Defendants will refer to the specific record cite as "Defendants' Ex. --, D.App. p. ---."

*Dyson, Inc.*, 560 F.3d 398, 402 n.3 (5th Cir. 2009) (explaining that the *Kaspar* analysis is improper in a case where claim preclusion is at issue). In addition, because the Friemel Suit Settlement specifically preserved the Defendants' ***rights to fully defend*** this case, and because Defendants had already asserted the defense of *res judicata* in this case before the Friemel Settlement, the other cases cited regarding carve-outs allowing the continuation of specific claims are inapplicable. *See, e.g., Norfolk v. Chevron U.S.A.*, 371 F.3d 1285 (11th Cir. 2004) (discussing carve-out of claims, but containing no discussion of preservation of defenses). None of Plaintiff's cases addressed a situation where a *res judicata* defense was already asserted. Therefore, the cases are insufficient to preclude a *res judicata* defense.

### B.   Plaintiff Did Not Carry Its Burden to Show That It Had a Superior Right to Possession of the Allegedly-Leased Property

It is axiomatic that a party seeking to establish conversion must have superior right to possession of the allegedly converted property. *Curtis v. Anderson*, 106 S.W.3d 251, 257 (Tex. App. – Austin 2003, pet. denied) (conversion plaintiff must establish ownership or superior right of possession of converted property); *Continental Credit Corp. v. Wolfe City Nat. Bank*, 823 S.W.2d 687, 687 (Tex. App. – Dallas 1991, no writ). Thus, in response to Defendants' assertion that Terra Partners did not have a superior interest in the leased property, Plaintiff bore the burden to produce evidence showing a genuine issue of material fact on the issue of which party had a superior right to possession of the allegedly converted property. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986); Fed. R. Civ. P. 56(e)(2). Here, Plaintiff did not provide any such evidence to satisfy its summary judgment burden; therefore, Defendants are entitled to summary judgment on all conversion claims relating to the allegedly-leased property. *Id.* Defendants' Brief (at p. 13-18) showed multiple, independent grounds on which to uphold a summary judgment ruling in its favor on this point.

### 1.   Plaintiff completely failed to provide any evidence responding to Defendants' proof that Plaintiff did not have a valid lease

At pages 15-16 of Defendants' Brief, Defendants proved that the lease under which Plaintiff claims an interest in the leased property expired in April 2005, more than a year before the alleged conversion in October 2006. *See* Defendants' Brief, p. 15-16, and exhibits referenced therein.   Defendants acknowledged that Steve Veigel claims there is an oral extension of the lease, but, as shown in Defendants' opening brief, the alleged oral lease was never recorded and is therefore ineffective to provide a superior right of possession. *See* Defendants' Brief, p. 16. Plaintiff provided absolutely no response to this straightforward argument, wholly failing to satisfy its basic burden to provide some summary judgment evidence showing that it had any legitimate interest in the allegedly converted property – the most basic element of a conversion claim. *See* Plaintiff's Brief, p. 9-12 (providing no evidence that Plaintiff had any possessory right in the allegedly-leased property); *see also* Fed. R. Civ. P. 56(e)(2) (party opposing summary judgment must set out "specific facts" showing a genuine issue for trial); N.D. Local Rule 56.5(c) (party "must include in its brief citations to each page of the appendix that supports each assertion that the party makes concerning the summary judgment evidence).[3]   Because Plaintiff bore the burden to refute this argument and because Plaintiff wholly failed to show *any* evidence whatsoever that it actually had a valid leasehold interest in the allegedly-leased property, Defendants are entitled to summary judgment dismissing Plaintiff's claim of conversion as to any property in which it claimed a leasehold interest. *See, e.g.,* Fed. R. Civ. P.

---

[3]      The Court is not required to comb the record in search of a genuine issue of material fact.   Pursuant to N. D. Local Rule 56.5(c), a party is required "to place a face issue clearly in focus by citing in its brief each page of the appendix that supports each assertion that he makes concerning the summary judgment evidence." *Andrews v. CompUSA, Inc.,* 2002 WL 265089 (N.D. Tex. 2002), *aff'd* 54 Fed. Appx 413 (5th Cir. 2002) ("given [plaintiff's] failure, as a non-movant under [defendant's] motion for summary judgment, to meet his burden of designating specifically the record location of each material fact that would create genuine issues and thereby eschew summary judgment, we are satisfied that the district court correctly granted [defendant's] summary judgment on the basis of the federal and local rules alone.")

56(3); *Anderson v. Liberty Lobby*, 106 S.Ct. 2511 (non-moving party must set forth specific facts showing genuine issue for trial).

**2. Plaintiff completely failed to refute Defendants' proof that the controlling Security Agreements bar a claim for conversion**

As another, independent ground for dismissing Plaintiff's conversion claims on the allegedly-leased property, Defendants proved that, under the controlling Security Agreements, the secured party (Veigel Partners) and its "legal representatives, heirs, successors and assigns," (i.e., its lessee, Terra Partners) *specifically waived all claims of conversion* against Defendants. *See* Defendants' Brief, p. 17-18; Defendants' Exs. M and N, D.App. pp. 158 and 178, ¶ 11. Again, plaintiff did not respond to this argument and did not contest the fact that Terra Partners, as Veigel Partners' lessee, is a "successor or assign" that is also bound by the controlling Security Agreement. *See* Plaintiff's Brief, p. 9-12 (providing absolutely no evidence or argument raising an issue of fact on this point); *see also* Fed. R. Civ. P. 56(e)(2) and N.D. Local Rule 56.5(c) (requiring party opposing summary judgment to point to specific evidence raising a genuine issue of material fact). This Court has already found that these Security Agreements are valid and give Defendants a security interest in the allegedly-leased property. *See* Defendants' Ex. D, Opinion in Cause No. 2:06-CV-153-J at p. 18-20, D.App. p. 46 ¶ 25. Because the Security Agreements bar a claim of conversion, Plaintiff's conversion claims fail and Defendants are entitled to summary judgment as a matter of law.

**3. The Security Agreements authorize Defendants to take possession of collateral and Defendants did not breach the peace at the October 2006 eviction**

Defendants are also entitled to summary judgment because, as shown in Defendants' Brief, the Security Agreements authorize Defendants to take possession of the collateral. This is the *only* ground for summary judgment based on Defendants' superior right of possession to

which Plaintiff even bothered to respond, arguing that, even if Defendants had a superior right to possession, Defendants improperly exercised that right because they "breached the peace" and committed "violence" at the eviction on October 23, 2006. Plaintiff's Brief, p. 9-12. At the outset, it is important to recognize that this "breach of peace" argument is only relevant if Plaintiff has proven *both* that it had a valid leasehold interest *and* that the Security Agreements do not serve to bar their conversion claims. If Terra Partners did not have a valid possessory right to the property, the question of the manner in which Defendants obtained the property is completely irrelevant: no party can maintain an action for conversion for property in which it does not have a possessory interest. Because Plaintiff wholly failed to respond to these issues on summary judgment and to provide evidence showing a leasehold interest and/or refuting Defendants' arguments that the Security Agreements bar a conversion claim, it is not necessary for the Court to reach a ruling on the "breach of peace" argument. But, even if the Court considers Plaintiff's outlandish "breach of peace" argument, it fails as a matter of law and is insufficient to raise a fact issue on the question of superior right to possession.

October 23, 2006 was the day of the eviction. The Writ of Possession required several Veigel entities, *specifically including Terra Partners*, to vacate the Deaf Smith County property. Defendants' Ex. F, D.App. p. 82. Thus, as of that date, Terra Partners was supposed to be off the property and had no further right to remain on the property.

Obviously, the Deaf Smith County Sheriff's Office, *not Defendants*, conducted the eviction. *Id.* (directing sheriff or constable to execute the writ). The Texas Property Code provisions regarding the eviction process, not the Texas Business and Commerce Code sections regarding repossession of collateral, controlled the process for the executing officers. *See* TEX. PROP. CODE § 24.0061.

In conducting an eviction, an officer executing the writ is authorized to instruct the tenant to "leave the premises immediately, and, the persons fail to comply, physically remove them." TEX. PROP. CODE § 24.0061(d)(2)(B). Indeed, an officer is even entitled to use "reasonable force" in executing the writ. TEX. PROP. CODE § 24.006(h). Given these standards, Plaintiff's assertion that Defendants resorted to "violence" is simply ridiculous. First, it was not Defendants who were conducting the eviction – it was the sheriff. Further, certainly, the sheriff's officers carried guns, but all officers carry guns. And, not even Steve Veigel testified that the eviction was conducted "at gunpoint" as Plaintiff fraudulently asserts at page 11 of its Response: notably, there is not a single record cite in Plaintiff's Brief to support that absurd statement. There was no violence and Plaintiff's lack of a record cite to support its hyperbole should end the inquiry. *See* N.D. Local Rule 56.5(c).

As Plaintiff itself argues in a different section of it brief, "only the serving officer has discretion in the manner in which the writ is enforced." *See* Plaintiff's Brief, p. 13, *citing* TEX. PROP. CODE § 24.0061 (d)-(h). The officer is authorized to "instruct the tenant to remove . . . all personal property . . . other than personal property claimed to be owned by the landlord." TEX. PROP. CODE § 24.0061(d)(2)(c). Thus, because Defendants claimed to own the allegedly-leased property, the officer was within his rights to instruct Terra Partners to leave that property on the land.[4] Such an instruction does not constitute a breach of peace – rather, it is specifically authorized by statute. Plaintiff's argument that Defendants breached the peace in repossessing the collateral is wholly unfounded.[5]

---

[4]     Plaintiff cannot argue that Defendants converted any other property because, in accord with section 25.0061(d)(2)(B) of the Texas Property Code, the sheriff allowed Terra Partners and the Veigels three extra days to move other personal property from the land. *See* Defendants' Ex. F, D.App. p. 83,

[5]     In a similar vein, Plaintiff continuously distorts the truth when it claims that this Court's Temporary Injunction preventing injury, destroying, damaging, or wasting the collateral does not apply to it. In truth, as Terra

C.    **There is No Genuine Issue of Material Fact that Plaintiff's Conversion Claims are Barred Because Terra Partners Agreed to Leave the Equipment on the Farm**

As another alternative, independent ground for summary judgment dismissal of

Plaintiff's conversion claim, Plaintiff has failed to raise a genuine issue of material fact proving

that Defendants' possession of certain property was unauthorized.   In order to establish

conversion, a plaintiff must prove that the defendant's possession of the allegedly-converted

property was "unauthorized." *Continental Credit Corp. v. Wolfe City Nat. Bank*, 823 S.W.2d

687, 687 (Tex. App.—Dallas 1991, no writ) *citing Waisath v. Lack's Stores, Inc.*, 474 S.W.2d

444, 447 (Tex. 1971).    Indeed, the evidence Plaintiff provides shows that Plaintiff agreed to

leave the property on the farm, at least until resolution of the Equipment Suit (Cause No. 2:06-

CV-153) and even longer.   When a conversion plaintiff consents to a defendants' possession of

the property, there is no claim for conversion.   "[C]onversion is the wrongful exercise of

dominion and control over another's property in denial of or inconsistent with his rights.  Thus,

there can be no conversion by the taking of property where the owner has expressly or impliedly

consented to the taking." *Conlee Seed Co. v. Brandvik*, 526 S.W.2d 795, 798 (Tex. App.—

Amarillo 1975, no writ) (internal citations omitted).   The allegedly-converted property covered

by the agreements falls into two categories:   (1) property that was *not* sold at the April 2008

sale;[6] and (2) other property that was sold at the April 2008 sale.

---

Partners is well aware, the injunction applies to "officers, agents, servants, employees, attorneys, and those in active concert or participation with them from conducting such acts." *See* Plaintiff's Ex. J-54 (Order Granting Temporary Injunction on July 24, 2006 in Cause No. 2:06-CV-153).  This broad definition certainly encompasses Terra Partners.  Further, since Terra Partners is a partnership, it could only act through actual persons, i.e., Steve and Bob Veigel, who *are* expressly prohibited from moving the collateral. *Id.* This injunction prohibited Terra Partners from removing collateral from the rest of the land and piling up it up on the 960 Acres.

[6]    *See* Plaintiff's First Amended Complaint, Docket Entry 23, ¶¶ 31 and 44, complaining that certain (unidentified) property was not sold and, therefore, converted.

With regard to the property that was not sold, Plaintiff's counsel's own emails reflect the trickery and bad-faith games Plaintiff and their counsel are playing in trying to invent a conversion claim where none exists. *See* Defendants' Ex. T, D. App p. 332. In a letter written after settlement of the conversion claims in the Friemel Suit, Defendants' counsel in another case, David LeBas, asked Plaintiff's counsel to arrange for the pick-up of certain specified items and other personal items left in the house and detached garage that were not sold in the April 2008 sale. *See* Plaintiff's Ex. H, November 14, 2008 letter from David LeBas. Mr. LeBas received a tersely-worded threat from Plaintiff's counsel in response:

> Dear Mr. LeBas:
>
> The Veigels are not interested in moving the property off the farm to be stored at another location. It is our position that Rabo AgriFinance, AAC, and/or their agents and tenants do not have the right to be on the farm or to dispose of the personal property described in your letter dated November 14, 2008. *We propose that you leave the items on the farm* until the title and possession issues are finally settled, at which time we will make the proper arrangements regarding storage of the property, if necessary. In the meantime, any action taken by your clients or their employees or agents are at your clients' peril.
>
> Please contact me if you have any additional questions.
>
> Regards,
>
> Zac Duffy

Defendants' Ex. T, D.App. p. 331 (emphasis added). This response typifies Terra Partners' actions. Terra Partners could have made arrangements to pick up the property. It could have identified other unsold property that it wanted returned. Instead, Terra Partners made a flat-out, bad-faith refusal to pick up the property. Given this response, there can be no genuine issue of material fact that Plaintiff has agreed to leave the un-sold property on the farm; therefore, Defendants' possession of that property is not "unauthorized" and there is no conversion. Thus,

Defendants are entitled to summary judgment on Plaintiff's claims of conversion with regard to unsold property.

With regard to the other property that was sold, Plaintiff's own response sets out Plaintiff's agreement, or at least acquiescence, at the eviction to leave the property on the farm until resolution of the Equipment Suit. As Plaintiff pointed out, "only the serving officer has discretion in the manner in which the writ [of eviction] is enforced." Plaintiff's Brief, p. 13. Therefore, the choice of which property stayed on the farm was not really Defendants' or Plaintiff's choice – it was the officer's choice. As Plaintiff argued in its own brief, Plaintiff followed the direction of the sheriff's deputy "as to what had been agreed to." Plaintiff's Brief, p. 14. This statement also proves that the Defendants' possession of the property that was eventually sold was not "unauthorized;" therefore, Defendants are entitled to summary judgment that they did not commit conversion.

**D.    Unless Plaintiff Concedes that Texas Rule of Civil Procedure 13 (the Equivalent of Federal Rule 11) Applies to its Original Petition, its Conversion Claims are Barred by the Statute of Limitations**

Defendants' statute of limitations argument is based on Terra Partners' and its counsel's disavowal of Terra Partners' Original Petition, filed in state court on October 22, 2008, the day before the expiration of the two-year statute of limitations on the conversion claims. In response to Defendants' Motion for Sanctions, Plaintiff and its lawyer attempted to avoid the Texas state equivalent of Rule 11 sanctions for bad-faith/frivolous filings by making the spurious argument that because the Original Petition was not signed by an attorney, but, instead, by Steve Veigel *on behalf of Terra Partners' attorney*, that filing could not be the basis for sanctions. *See* Response to Motion for Sanctions, Docket Entry 13, ¶ 17. Defendants' Motion for Summary Judgment pointed out the obvious flaw in Plaintiff's clever, but dubious argument: if the Original Petition was not effective for purposes of holding a litigant and its counsel liable for sanctions, it is not

DEFENDANTS' REPLY BRIEF ON MOTION FOR SUMMARY JUDGMENT                    Page 10
175539

effective for any purpose, including tolling the statute of limitations.  Instead of admitting that its

argument in response to the Motion for Sanctions was improper and admitting that the signature

was effective for all purposes, Plaintiff pursues a completely inconsistent theory and argues that

the lack of a signature does not affect the tolling of the statute of limitations.  Defendants submit

that Plaintiff cannot have it both ways:  either the Original Petition was effective for all purposes,

including both the imposition of sanctions and the tolling of the statute of limitations, or it was

effective for no purpose, which means that not only are Plaintiff and its counsel not liable for the

bad-faith and frivolous statements made therein, but also that the Original Petition was not

effective to toll the statute of limitations.  Unless Plaintiff concedes that Texas sanction rules

apply to its Original Petition, its conversion claims are barred by the statute of limitations.

**II.    TERRA PARTNERS FAILS TO RAISE A GENUINE ISSUE OF MATERIAL FACT SHOWING ITS ALLEGED SUBROGATION RIGHT ATTACHES TO ANY PROPERTY IN WHICH DEFENDANTS HAVE AN INTEREST**

Plaintiff's Response does not raise a genuine issue of material fact that would defeat

Defendants' rights to summary judgment on Terra Partners' claims that its alleged subrogation

interest in the Diversified Judgment attach to any property in which Defendants have an interest.

**A.    As Specifically Stated in the Bankruptcy Plans, Diversified's Lien on Terra XXI's Real Property was Inferior to Ag Acceptance Corporation's Lien**

Plaintiff's assertion that Defendant Ag Acceptance Corporation foreclosed on some

"original 3rd lien deed of trust" makes no sense whatsoever.  Plaintiff's Response, p. 17.  Terra

Partners concedes that Terra XXI's confirmed bankruptcy plan "granted Ag Acceptance

Corporation a second lien on Terra XXI's real property."  *Id.*; *see also* Defendants' Brief, p. 28-

29 (explaining bankruptcy plans' provisions).  And, as Defendants' pointed out in their Brief,

pursuant to the bankruptcy plans, Diversified held an inferior third lien on Terra XXI's real

property.  Defendants' Ex. W, D.App. p. 351 § 3.06.  Plaintiff has pointed to no evidence to the

contrary and it would be an impossibility to foreclose on a third lien on real property when one does not own such a lien.

Further, Plaintiff drastically twists Shawn Smeins' testimony to try to create their "judicial admission" argument. First, Plaintiff provides no legal authority for its argument that a party can judicially admit itself into a different lien position: imagine the outcry if Mr. Smeins had tried to "judicially admit" Ag Acceptance Corporation into a first lien position. But, a review of Mr. Smeins (misleadingly excerpted) testimony, shows that Mr. Smeins was viewing the real estate property and the attached irrigation system as a whole. Under the bankruptcy plans, Ag Acceptance Corporation had a second lien on the real property and a third lien on the irrigation equipment. Defendants' Ex. W, D.App. p. 356, ¶3.054(4); Defendants' Ex. P, D.App. p. 234 ¶3.04(4). No manner of twisting testimony can change that fact.

Plaintiff has not shown a genuine issue for trial on this point; therefore, Defendants are entitled to summary judgment (1) denying Plaintiff's request in paragraph 48(c) of its First Amended Complaint for a declaration that the Diversified's third lien was superior to Ag Acceptance Corporation's second lien; and (2) denying Plaintiff's request in paragraph 48(f) of its First Amended Complaint for a declaration that Plaintiff is entitled, "at its sole discretion" to execute on any real property (as defined in Terra XXI and Veigel Farm Partners' bankruptcy plans) that was formerly held by Terra XXI and encumbered by Ag Acceptance Corporation's second lien.

## B.   Plaintiff Misstates Dates Regarding the 75% Interest in the 960 Acres

Plaintiff claims that the Diversified Lien attached to Terra XXI's interest in the 960 Acres because Terra XXI acquired the interest "effective" October 21, 2002 "while Terra XXI's bankruptcy was still pending." Plaintiff's Response, p. 18. But, the confirmed bankruptcy plan, which was *filed a year earlier*, in December 2001, states that Diversified has a third lien on

property that Terra XXI owned "on the date of the filing of bankruptcy." Defendants' Ex. W, D.App. p. 359 ¶ 3.06(2). Since Terra XXI did not acquire the land until late 2002, Terra XXI did not own the 75% interest in the 960 Acres "on the date of the filing of bankruptcy;" indeed it did not even own the land at the time of confirmation of the Plan in 2001. Further, Plaintiff is simply wrong when it argues, again without a record cite, that the confirmed plan contemplated that Ag Acceptance Corporation would transfer the 75% interest to Terra XXI. Plaintiff did not provide a record cite because that provision is not in the confirmed plans at all. Plaintiff simply invented this argument out of thin air.

There is absolutely no authority whatsoever for Terra Partners' far-fetched argument that a pre-petition judgment lien attaches to property acquired post-petition. This turns the entire bankruptcy system on its head. 11 U.S.C. § 1141(d) (except as otherwise provided in the plan, confirmation of a plan discharges the debtor from all pre-petition debts).

Furthermore, this Court has already upheld Ag Acceptance Corporation's foreclosure on the 75% interest which was separate from the September 2003 foreclosure on the second lien position on the other property. Opinion in Cause 2:06-CV-272, Defendants' Ex. E, D.App. p. 71 ("Ag Acceptance Corporation foreclosed on the 75% interest on October 7, 2003") and p. 75 ("Ag Acceptance Corporation validly foreclosed on the 75% interest in the property.").

Plaintiff has not raised a genuine issue for trial on its claim that the Diversified lien attached to the 75% interest in the 960 Acres; therefore, Defendants are entitled to summary judgment (1) denying Plaintiff's request in paragraph 48(d) of its First Amended Complaint for a declaration that the Diversified Lien attached to the 75% interest on October 20, 2002; and (2) denying Plaintiff's request in paragraph 48(f) of its First Amended Complaint for a

declaration that Plaintiff is entitled, "at its sole discretion" to execute on any real property that was formerly held by Terra XXI and encumbered by Ag Acceptance Corporation's second lien.

**C.     The Diversified Lien is Not Superior to Rabo Agrifinance, Inc.'s Claim of Title in the 25% Interest in the 960 Acres**

Plaintiff strives mightily to argue that even though (1) Robert Veigel has already paid the Diversified Judgment once; and (2) Terra Partners specifically released Robert Veigel of any further liability for the Diversified Judgment, he is still liable to pay for the judgment.[7] Of course, Terra Partners makes this insupportable argument simply to interfere with Rabo Agrifinance, Inc.'s rights to the 25% interest in the 960 Acres.

Defendants request that the Court put an end to Terra Partners' outrageous interference with Defendants' property rights.  Defendants are entitled to summary judgment (1) denying Plaintiff's request in paragraph 48(e) of its First Amended Complaint for a declaration that the Diversified Lien attached to the 25% interest in the 960 Acres and (2) denying Plaintiff's request in paragraph 48(f) of its First Amended Complaint for a declaration that Plaintiff is entitled, "at its sole discretion" to execute on any real property that was formerly held by Terra XXI and encumbered by Ag Acceptance Corporation's second lien.

**D.     Defendants are Entitled to Summary Judgment on their Second Counter-Claim**

By its far-fetched and legally insupportable arguments regarding the applicability of its alleged subrogation interest in the Diversified Judgment, Plaintiff has proven that it will continue to file litigation and interfere with Defendants' property rights as long as possible.  Because of this interference, Defendants filed their Second Counter-Claim seeking declaratory judgment that Plaintiff's alleged subrogation interest does not attach to property in which Defendants have an

---

[7]     Bob Veigel paid the Diversified Judgment. *See* Defendants' Ex. X, D.App. p. 364.  Terra Partners released Bob Veigel from further liability for the judgment. *See* Defendants' Ex. Z, D.App. p. 371.

interest. Defendants are entitled to their own declaratory judgments designed to prevent such interference and further litigation. Specifically, for all of the reasons shown in Section IV of Defendants' Brief and in Section II of this brief, Defendants/Counter-Plaintiffs are entitled to declaratory judgments that:

a. At the time of the September 2, 2003 foreclosure, Ag Acceptance Corporation held a lien on the Deaf Smith County property that was superior to the Diversified lien and that Ag Acceptance Corporation did not judicially admit that its lien was inferior to the Diversified lien;

b. The Diversified lien did not attach to Terra XXI's 75% interest in the 960 Acres;

c. If the Diversified lien did attach to Terra XXI's 75% interest in the 960 Acres, Ag Acceptance Corporation's lien was superior;

d. Terra Partners cannot use the Diversified Judgment to execute on Robert Veigel's former 25% interest in the 960 Acres;

e. Terra Partners cannot use the Diversified Judgment to execute on any property held or formerly held by Counter-Plaintiffs; and

f. Terra Partners is permanently enjoined from interfering with Counter-Plaintiffs' interest in any property held or formerly held by Terra XXI, Ltd., Robert W. Veigel and/or Ella Marie Veigel.

## CONCLUSION

WHEREFORE, Defendants have shown that they are entitled to summary judgment as matter of law on all of Plaintiff's claims. Defendants request that this Court GRANT their summary judgment motion and enter judgment against Plaintiff denying it all relief. Defendants also request that the Court enter declaratory judgments as specified above. In addition, Defendants request permission to seek sanctions against Plaintiff for reasserting previously-litigated and/or frivolous claims that were filed in bad faith under Texas and Federal Rules of Civil Procedure. Defendants request all other relief to which they may be entitled.

Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette
State Bar No. 00788660
William T. Reid, IV
State Bar No. 00788817
Clifford H. Walston
State Bar No. 24037666
DIAMOND MCCARTHY LLP
6504 Bridgepoint Parkway, Suite 400
Austin, Texas 78730
T: 512-617-5200
F: 512-617-5299
bballiette@diamondmccarthy.com
wreid@diamondmccarthy.com
cwalston@diamondmccarthy.com

Thomas C. Riney
State Bar No. 16935100
RINEY & MAYFIELD LLP
600 Maxor Building
320 S. Polk Street
Amarillo, Texas 78101
T: 806-468-3200
F: 806-376-4509
triney@rineymayfield.com

ATTORNEYS FOR DEFENDANTS
RABO AGRIFINANCE, INC. AND
AG ACCEPTANCE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2009, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to Plaintiff's Counsel, Steven Clark, who has consented to accept this Notice as service of this document by electronic means.

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette