IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS, § | | |
| § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | CAUSE NO. 2:08-CV-00194-J | |
| § | (Jury Demanded) | |
| RABO AGRIFINANCE, INC. AND § | | |
| AG ACCEPTANCE CORPORATION, § | | |
| § | | |
| DEFENDANTS. § | | |

## REVISED AFFIDAVIT OF STEVE VEIGEL IN SUPPORT OF TERRA PARTNERS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEFORE ME, the undersigned authority, personally appeared Steve Veigel, managing agent for PLAINTIFF, Terra Partners, who then proved to me to be the person whose name is subscribed to this instrument, and being duly sworn, deposed and stated:

1. "My name is Steve Veigel. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein. I am a managing agent for Plaintiff, Terra Partners. I am also a managing agent for Terra XXI Ltd. and Veigel Farm Partners.

2. Defendants, Rabo AgriFinance, Inc. ("RAF") and Ag Acceptance Corporation ("AAC") filed a motion for summary judgment ("Defendants' Motion") and a brief in support ("Defendants' Brief") with appendix ("Defendants' Appendix") in the above styled cause on or about May 4, 2009. This affidavit is to support Plaintiff's response to Defendants' Motion and Defendants' Brief.

3. On page 5 of Defendants' Brief, Defendants state "*A list of the cases between the parties and their current status is attached in the Appendix at page 1 as Exhibit A*". Such list is incomplete in that does not include:

    a) AAC's suit filed as Cause No. CI-06K-166 in the 222nd District Court in Deaf Smith County, Texas seeking to enjoin Terra Partners', as subrogee to Diversified Financial Services, writ of execution. *See* Exhibits 1 – 3 incorporated by reference and attached hereto;

    b) Terra XXI Ltd.'s Chapter 11 Case No. 00-20877-SAF-11 in the United States Bankruptcy Court for the Northern District of Texas wherein there

were various motions made and orders issued and a pending motion to reopen was filed on May 13, 2010 as PACER Document 133. *See* Exhibits 4 – 16 incorporated by reference and attached hereto;

c) Veigel Farm Partner's Chapter 11 Case No 00-20858-SAF-11 in the United States Bankruptcy Court for the Northern District of Texas wherein there were various motions made and orders issued. *See* Exhibits 17 – 28 incorporated by reference and attached hereto;

d) Terra XXI Ltd.'s and Veigel Farm Partners' Bankruptcy Adversary Proceeding No.s 01-02019-SAF-11 and 01-02007-SAF-11 in the United States Bankruptcy Court for the Northern District of Texas wherein there were various motions made and bench ruling issued clarifying the parties' settlement agreement. *See* Exhibits 29 – 32 incorporated by reference and attached hereto; and

e) United States Department of Agricultural administrative determinations made by the National Appeals Division ("NAD") in which Plaintiff and Defendants were parties. *See* Exhibits 33 – 37 incorporated by reference and attached hereto.

4. These cases relate to the parties' respective lien positions and Terra Partners subrogation rights under the Diversified judgment.

5. The Freimel Suit was to determine the ownership and the validity and priority of security interests in the wheat crop that Terra Partners had planted in August and September 2006, whose proceeds were deposited in the registry of the court. Jim and Melanie Friemel initiated their suit on or around March 1, 2007. AAC filed its original counterclaim on or about April 3, 2007, and RAF filed its original cross-claim on or about April 23, 2007. Terra Partners then filed its cross–claim against AAC and RAF. *See* Exhibit 38 incorporated by reference and attached hereto.

6. On or about November 29, 2007 Terra Partners filed a motion for leave to amend its cross-claims to assert a new claim for conversion of the 2007 wheat crop only and that it had valid superior leasehold interests in the real estate. *See* Exhibit 39 incorporated by reference and attached hereto. Terra Partners motion for leave was granted on December 5, 2008 (*see* Exhibit 40 incorporated by reference and attached hereto) and the trial was continued until November 2008. Terra Partners did not raise any conversion claim related to the personal property and equipment at issue in this case in the Friemel Suit until Terra Partners filed its Second Amended Cross-Claim on October 3, 2008 (*see* Defendants Appendix Exhibit G incorporated by reference hereto).

7. Subsequent to October 3, 2008, Terra Partners initiated the above styled case as Cause No. CI-08J-086 in the 222nd District Court in and for Deaf Smith County asserting a conversion claim related to the personal property and equipment.

8. The claims in the Second Amended Cross-Claim in the Friemel suit were not allowed to proceed to trial by the state court judge after counsel for AAC and RAF raised timeliness objections.

9. Following commencement of trial on about November 5, 2008 in the Friemel Suit, the parties reached a settlement in which they agreed to divide the wheat proceeds in the registry of the court. The settlement agreement expressly reserved claims and defenses asserted by the parties in other pending matters. See Defendants' Appendix Exhibit I.

10. Terra Partners had been operating the farms on which such personal property was used, stored, maintained since Terra Partners was formed and began farming and cattle operations effective May 1, 2000 with the planting of summer crops on the farm. Some of such property was identified in written leases such as the lease with option to purchase from Veigel Farm Partners. *See* Exhibit 42 incorporated by reference and attached hereto. Other personal property on the farms which was not identified specifically in the leases was used by Terra Partners in its farming and cattle operations until Terra Partners was evicted from the farms on October 23, 2006.

11. There were various items which were subsequently determined to be fixtures and some determined to be personal property in the Equipment Suit. For example, *see* Exhibits 43 - 47 incorporated by reference and attached hereto.

12. RAF predecessor in interest Ag Services of America, Inc. ("ASA") and AAC were aware of Terra Partners' leasehold interest in the personal property as early as June or July 2000 when ASA's and AAC's representative, Melodie Taylor conducted a farm inspection with me.

13. Subsequently, after Terra XXI Ltd. and Veigel Farm Partners filed for Chapter 11 bankruptcy in the fall of 2000, orders were entered approving Terra Partners assuming existing leases.

14. About a year after the agreed orders were entered regarding the assumption of the equipment and real estate leases, Terra XXI Ltd.'s and Veigel Farm Partners' Chapter 11 Plans were confirmed over the initial objections of ASA and AAC. ASA and AAC objections were satisfied and agreed orders over such objections were entered. (*see* Exhibits 48 - 49 incorporated by reference and attached hereto).

15. No request to subordinate Terra Partner's leases was made in the bankruptcies

16. ASA/AAC did not gain possession to any portion of the real estate, fixtures, or personal property until October 23, 2006 when AAC obtained possession to the farm which had been foreclosed upon on September 2, 2003 by AAC (the "Big Farm") and to Section 59 and E/2 of Section 60 (the "960 Acres") pursuant to execution of a writ of possession.

17. Defendants initially filed the Equipment Suit on or about June 9, 2006 as Cause No. CI-06F-057 in the 222nd District Court and obtained a temporary restraining order from Judge Saul enjoining the defendants named therein from "*injuring, destroying, damaging or wasting*" or "*removing*" any of the identified collateral from the farms. Defendants' petition at paragraph 9 stated that "[t]*he Temporary Restraining Order would not restrict the Veigels **from continuing to use the***

*collateral on the Property*". *See* Exhibits 50 and 51 incorporated by reference and attached hereto.

18. After the Equipment Suit, Cause No. CI-06F-057 was removed as Cause No. 2:06-CV-00153-J, Judge Saul's Temporary Restraining Order was extended by this Court on June 23, 2006. *See* Exhibit 52 incorporated by reference and attached hereto. Subsequently on July 24, 2006 Defendants sought a temporary injunction to maintain the status quo. *See* Exhibit 53 incorporated by reference and attached hereto.

19. This Court entered a temporary injunction on July 24, 2006 which enjoined the defendants from "*injuring, destroying, damaging or wasting*" or "*removing*" any of the identified collateral from the farms. The temporary injunction did not enjoin Terra Partners' continued possession and use of any of the property on the farms. *See* Exhibit 54 incorporated by reference and attached hereto.

20. The Veigels and Terra Partners were evicted from the farms on October 23, 2006 pursuant to the writ of possession issued in Cause CI-2006-04972 in the Deaf Smith County Court, (*see* Exhibit 55 incorporated by reference and attached hereto). Terra Partners was precluded from moving any non-household property from the farms (*see* Exhibit 56 incorporated by reference and attached hereto) onto the "960 Acres".

21. At the eviction on October 23, 2006, the writ of execution evicted the Veigels and Terra Partners from the "960 Acres". Subsequently in November or December, 2006, Terra Partners was able to convince Deputy Ginter that the writ of execution did not encompass the "960 Acres" and that Terra Partners had the right to enter upon and possess such portion of the farm.

22. At the eviction on October 23, 2006, Defendants' attorney Cliff Walston requested that the Deputies prevent Terra Partners from moving its horses and llamas as well as cattle owned by Jim Friemel/F-Troop Inc. and Ned Gibbs to the "960 Acres" pursuant to the writ of execution. The Deputies enforced this request.

23. At the eviction on October 23, 2006, Defendants' attorney Cliff Walston provided me with a copy of section 24.0061 of the Texas Property Code and stated that Terra Partners was to vacate the property immediately, and if we refused, that the Deputies would physically remove Terra Partners and leave the household property on the highway. I pointed out to Mr. Walston and Deputy Ginter that the same section provided that the serving officer had the discretion to allow Terra Partners to remove all personal property, but that it would take a significant amount of time and effort. Terra Partners was allowed by Deputy Ginter to remove all household personal property and some personal property in the grain elevator office from 8:00 am – 5:00 pm through October 25, 2006.

24. Defendants' attorney Cliff Walston claims in his recent deposition that Bill Kirk asked Mr. Walston to put his rejected offer back on the table and that I accepted the offer on behalf of Terra Partners and Bob and Ella Marie Veigel.

25. Bill Kirk's flight did not leave San Antonio for Amarillo until 7:00 pm on October 23, 2006.  *See* Exhibit 57 incorporated by reference and attached hereto.

26. As I indicated in my recent deposition, Mr. Walston and I plead our positions to Deputy Ginter.  In my deposition, I clarified that I only agreed to comply with Deputy Ginter's instructions.

27. Furthermore, during the eviction on October 23, 2006, Terra Partners was represented by counsel, Van Northern, but I was unable to contact him about the situation.

28. Subsequent to the eviction on October 23, Van Northern on behalf of Terra Partners responded to a letter dated October 27, 2007 from Defendants' attorney Tom Riney (*see* Exhibit 58 incorporated by reference and attached hereto) with a letter dated October 30, 2007 (*see* Exhibit 59 incorporated by reference and attached hereto) concerning the events at the eviction.

29. At trial in Cause No.CI-04B-011 in the 222nd District Court, Defendants' corporate representative, Shawn Smiens, testified in my presence that AAC foreclosed subject to the judgment lien of Diversified.  *See* Exhibit 60 incorporated by reference and attached hereto.

30. Upon default, Defendants posted both ASA's original 2nd lien deed of trust and AAC's original 3rd lien deed of trust for foreclosure on September 2, 2003.  *See* Exhibits 61 and 62 incorporated by reference and attached hereto.  ACC then proceeded to foreclose on a lien (s*ee* Exhibit 63 incorporated by reference and attached hereto) which Mr. Smiens testified in my presence was subject to the Diversified lien.

31. As part of the October 20, 2002 settlement agreement AAC agreed to convey its undivided 75% interest in the "960 Acres" to Terra XXI Ltd. or its nominee.  Subsequently when Terra XXI Ltd. sought to have the property conveyed to its nominee, Terra Partners, AAC objected.  At a hearing on July 15, 2003, Judge Felsenthal ordered AAC to complete the conveyance to Terra XXI Ltd..

32. AAC subsequently executed a warranty deed with a vendor's lien to Terra XXI Ltd. dated August 7, 2003 but effective as of October 21, 2002.  *See* Exhibit 64 incorporated by reference and attached hereto.  The real estate note to AAC is dated October 21, 2002.  *See* Exhibit 65 incorporated by reference and attached hereto.  Subsequently, Terra XXI Ltd. executed as additional security to AAC a deed of trust on August 14, 2003, but effective as of October 21, 2002 that was not recorded in Deaf Smith County until August 25, 2003.  *See* Exhibit 66 incorporated by reference and attached hereto.

33. Upon declaring a default, AAC non-judicially foreclosed on its deed of trust on October 7, 2003 instead of initiating a judicial foreclosure of its vendor's lien.  *See* Exhibit 67 incorporated by reference and attached hereto.

Further Affiant sayeth not.

_____
Steve Veigel, managing agent for Terra Partners

Sworn to and subscribed before me on this 3rd day of August, 2010, to which witness my hand and seal of office.

_____
Notary Public, State of Texas

My Commission Expires:

9-28-12

KIM LEONARD
Notary Public, State of Texas
My Commission Expires
September 28, 2012

Revised Affidavit of Steve Veigel                                                             page 6