IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:08-CV-194-J |
| RABO AGRIFINANCE, INC., and AG ACCEPTANCE CORPORATION, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION and ORDER**

The Court entered summary judgment addressing some of the issues in this cause. Thereafter, Defendants filed an unopposed motion to file a second motion for summary judgment. That second summary judgment motion is now before the Court. By that motion, Defendants seek (1) summary judgment on Terra Partners' claim that Defendants converted leased and personal property of Terra Partners by failing to sell the property at an April 2008 auction; and (2) summary judgment on Defendants' counterclaim asserting that Robert Veigel's transfer of a subrogation interest in a Diversified Judgment to Terra Partners constitutes a fraudulent transfer.

## **SUMMARY JUDGMENT STANDARD**

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©)). A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant carries this burden, then the burden shifts to the nonmovant

to show that the Court should not grant summary judgment. Id. at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1449 (5th Cir.1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994), quoting *Celotex Corp.,* 477 U.S. at 323. The nonmovant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996).

## CONVERSION CLAIM

### Background

A partial history of the protracted litigation between these parties is set out in the Court's first summary judgment order. Three of the lawsuits between the parties are particularly relevant to this conversion claim.

1. The "**Deficiency Action**." Cause No. 2:05-cv-243-J. This Court ruled that Rabo Agrifinance was entitled to a deficiency judgment against multiple Veigel entities (including Robert Veigel but not including Terra Partners)

after a foreclosure sale failed to satisfy the amount of the Veigel entities' debt to Rabo Agrifinance. This Court held that it could not determine the exact amount that Rabo Agrifinance, Inc. was entitled to receive from the Veigel entities until the equipment at issue in Case No. 2:06-CV-153-J (The Equipment Suit) was foreclosed upon and the Veigel entities given credit for the value of the equipment. The plaintiff in The Deficiency Action was given 60 days to submit summary judgment evidence of that amount. After determination of the credit, judgment was entered for $1,352,642.44.

2. The "**Equipment Suit**," Cause No. 2:06-cv-153-J. This Court ruled that Rabo was entitled to foreclose on certain farm equipment in order to satisfy the deficiency judgment in the Deficiency Action. In addition, the Court found Terra Partners and the other Veigel entities liable for $153,404.50 in attorneys' fees. The judgment was affirmed. 583 F.3d 348 (5th Cir. 2009).

3. The "**Partition Suit**," Cause No. 2:06-cv-272-J. This Court found, *inter alia*, that certain transfers of real property between Veigel entities were fraudulent transfers. In addition, the Court found Terra Partners and the other Veigel entities liable for $206,544.52 in attorneys' fees. The judgment was affirmed except that the award of attorneys fees ordered was reversed. 564 F.3d 695 (5th Cir. 2009).

On August 2, 2008, a sale of equipment was held pursuant to the Court's directions in the Deficiency Action. At the same time, pursuant to a writ of execution, the United States Marshal executed on certain property of Terra Partners in order to satisfy the attorneys' fees judgment in the Equipment Suit. Rabo filed, in the Deficiency Action, the required additional summary judgment evidence reporting on the sale and showing the credit to be given in the judgment. The Veigel entities then filed their summary judgment response and objected to the amount and allocation of the credit to be given contending that certain property was personalty that had not been sold but that was being used by Rabo and/or its tenants without authorization. Rabo filed a reply. The Court considered the summary judgment evidence, the response, and the reply and found that the objections were without merit. The determination of the issue was a critical and a necessary part of the judgment. The Court entered judgment in the Deficiency Action in accordance with that finding.

Defendants appealed. The judgment was affirmed. *Rabo Agrifinance, Inc. V. Veigel Farm Partners, d/b/a Veigel Partners*, 328 Fed. Appx. 942, 2009 WL 1362826 (5th Cir. May 15, 2009).

## THE CONVERSION CLAIM BEFORE THE COURT

### Background

Terra Partners filed the case presently before the Court contending, as had been contended in the Deficiency Action, that certain property was personalty, had not been sold and was being used by Rabo without its authorization, and alleging that Rabo had converted the property. Rabo filed a motion for summary judgment.

Terra Partners then claimed to have, and filed assignments from the Deficiency Action plaintiffs as follows: 1) Terra XXI Ltd. signed by Steve Veigel; 2) Veigel Farm Partners signed by Steve Veigel; 3) Grain Central Station Inc. signed by Bob Veigel[1]; 4) Robert "Bob" Veigel signed by Bob Veigel; 5) Ella Marie Veigel signed by Ella Marie Veigel; 6) Steve Veigel signed by Steve Veigel; 7) Bill Kirk signed by Bill Kirk. The assignments purported to assign to Terra Partners assignors' rights to bring a conversion or misappropriation cause of action against Defendants, but stated that they were not assignments of assignors' title to the subject property. The assignments were dated October 14, 2010, but stated that they were effective as of October 23, 2006.

### Collateral Estoppel on the Conversion Claim

In this Second Motion for Summary Judgment, Rabo asserts that plaintiffs' claim that Defendants converted leased and personal property by failing to sell the property at the April 2008 auction and using the property without authorization is barred on *res judicata* and/or *collateral estoppel* grounds.

---

[1] Robert W. Veigel, Robert Veigel, and Bob Veigel are the same person.

In *Taylor v. Sturgell*, 553 U.S. 880, 128 S.Ct. 2161, the Supreme Court held that the preclusive effect of a federal judgment is determined by federal common law; however, it held that for judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits. *See Semtek Int'l Inc. V. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).

The elements of *collateral estoppel* were set out in *Rabo Agrifinance, Inc. V. Terra XXI, Ltd.*, 583 F.3d 348 (5th Cir. 2009). In that case, Appellants appealed the equipment foreclosure judgment in the Equipment Suit challenging the validity of the judgment in the Deficiency Suit. The Fifth Circuit stated:

> . . . [C]ollateral estoppel bars this attack on the validity of the Deficiency Suit judgment. "When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment, this Circuit applies federal common law." *Reimer v. Smith*, 663 F.2d 1316, 1325 n. 9 (5th Cir. 1981). To establish collateral estoppel under federal law, one must show:
>
> (1)    that the issue at stake be identical to the one involved in the prior litigation;
>
> (2)    that the issue has been actually litigated in the prior litigation; and
>
> (3)    that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.
>
> *Wehling v. CBS*, 721 F.2d 506 508 (5th Cir. 1983). The parties to the suits need not be completely identical, so long as the party against whom estoppel applies had the full and fair opportunity to litigate the issue in the previous lawsuit.
>
> The Circuit Court stated:
>
> > In *Latham v. Wells Fargo N.A.*, 896, F.2d 979 (5th Cir. 1990), we noted in *Southmark Properties v. Charles House Corporation*, 742 F.2d 862, 869 (5th Cir. 1984) that "parties" for the purpose of *res judicata* does not mean formal, paper parties only, but also includes parties in interest, that is, that persons whose interest are properly placed before the court by someone with standing to represent them are bound by the matters determined in the proceeding.

The Circuit Court also found "the relationship among the Veigel entities is sufficiently close to bind all of them before this court to the judgment in the Deficiency Suit. *See Southwest Airlines Co. v. Texas Intern. Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977)."[2]

The parties to be bound in these cases are identical parties for the purpose of collateral estoppel, and the issue at stake in this case is identical to the issue litigated and critical and necessary to the judgment in the Deficiency Action. Plaintiffs' conversion cause of action is barred by collateral estoppel.

## TRANSFER OF THE SUBROGATION INTEREST

In the case presently before the Court, Defendants Rabo and Ag Acceptance Corporation counterclaim, asserting that Robert Veigel's transfer of a subrogation interest in the Diversified Judgment to Terra Partners constitutes a fraudulent transfer.

### Background

On May 22, 2000, the 222nd District Court of Deaf Smith County, Texas, granted Diversified Financial Services, Inc. a judgment against Veigel Farm Partners, Veigel Cattle Company, Robert Veigel, Inc., Steve Veigel, Inc., Veigel-Kirk, Inc., Robert W. Veigel, Ella Marie Veigel, and Terra XXI, Ltd. for $537,362.04. Ag Acceptance acquired the judgment and first lien rights. Robert Veigel then paid the judgment in full with money borrowed from Gee Bros. On June 30, 2006, Robert Veigel filed a notice that Robert Veigel claimed contribution and subrogation rights from the other judgment debtors. On November 6, 2006, Robert Veigel assigned the judgment and

---

[2] The Court noted that, in a filing before the District Court in a related case, Steve Veigel signed an agreed order on behalf of thirteen (13) Veigel entities. Those entities were Veigel Farm Partners d/b/a Veigel Partners, Terra XXI LTD, Veigel Farms Inc., Grain Central Station Inc. D/b/a Veigel Grain Company, Veigel Kirk, Inc., Steve Veigel Inc., Terra Partners, Vicki Veigel Inc., Veigel Cattle Company, Burnett & Veigel, Inc., Kirk & Veigel Inc., Massey, Kirk & Veigel, Inc., and himself. Robert "Bob" Veigel, Steve Veigel's father, signed on behalf of Bob Veigel Inc., Williams and Veigel Inc. and himself. Ella Marie Veigel signed for herself.

subrogation rights to Terra Partners. Robert Veigel states that the consideration for the assignment to Terra Partners was his obligation to Terra Partners for attorneys' fees paid by Terra Partners on his behalf and the payment to Gee Bros. on his behalf of proceeds representing Terra Partners' interest in five sections sold in Castro County.[3]

## Fraudulent Transfer

Rabo contends that the assignment of subrogation rights was fraudulent under Texas Business and Commerce Code § 24.006(b).

Section 24.006(b) provides:

> A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

In this case, the claim of Rabo Agrifinance, Inc. and Ag Acceptance Corporation arose before the transfer was made; the transfer was made to an insider, Terra Partners, for an antecedent debt; Robert W. Veigel was insolvent at that time; and Terra Partners had reasonable cause to believe that Robert W. Veigel was insolvent. The requirements of 24.006(b) are met, and the assignment of the subrogation rights to Terra Partners is fraudulent as to Rabo Agrifinance, Inc. and Ag Acceptance Corporation.

---

[3] The Castro County land was five sections. Robert Veigel had an undivided 25% interest in 3 ½ sections. Terra Partners had an undivided 25% interest in 1 ½ sections. When the five sections were sold, the 25% interest in the collective five sections netted $432,552.44 which was applied on, but did not fully pay, Robert Veigel's loan from Gee Bros. Three-tenths of that amount, or $129,765.73, represented Terra Partners' interest paid on behalf of Robert Veigel.

Robert Veigel testified that Terra Partners paid the attorneys' fees for multiple Veigel entities. The amount actually paid on behalf of Robert Veigel does not appear to have been determined.

-7-

Texas Business and Commerce Code § 24.003(b) provides:

(b) A debtor who is not paying the debtors debts as they become due is presumed to be insolvent.

Robert Veigel was insolvent at the time of the transfer because he was not paying his debts as they became due. He was liable for, and not paying, both the deficiency on the second lien debt and the first lien debt. He had quit paying other debts, including his property taxes, and had not filed an income tax return for the last few years. He did not have personal income other than social security payments. He had, in fact, never paid Gee Bros. the balance of the money that he borrowed to pay off the Diversified Judgment.

Terra Partners had more than reasonable cause to believe that Robert Veigel was insolvent at the time the subrogated interest was transferred. Terra Partners knew what Robert Veigel knew. Robert Veigel and Steve Veigel, his son, were agents of Terra Partners. Robert Veigel testified that his role was to operate the business. Moreover, all the partners in the partnerships that make up Terra Partners were Robert Veigel's relatives. The Veigels "form a complex web of partnerships and corporations, all ultimately controlled by a limited number of individuals." *Rabo Agrifinance, Inc. v. Terra XXI, Ltd., et al.*, 583 F.3d 348, n.2 (5th Cir. 2009).

### Extinguishment of Cause of Action

Robert Veigel contends that the counterclaim has been extinguished as a matter of law. Defendant responds that the cause of action is not extinguished because of the Texas Revival Statute.

Section 24.010. Extinguishment of Cause of Action provides:

(a) Except as provided by Subsection (b) of this section, a cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:

> (3) under Section 24.006(b) of this code, within one year after the transfer was made.

Robert Veigel assigned his subrogation claim to Terra Partners on September 12, 2006. Defendants filed their counterclaim for fraudulent transfer on April 20, 2009.

Texas Civil Practice & Remedies Code § 16.069. Counterclaim or Cross Claim provides:

> (a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.
>
> (b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

On April 20, 2009, Terra Partners filed its first amended complaint which made new declaratory judgment claims in this case based on the subrogation interests. In response to the allegations in the first amended complaint, defendants filed their amended answer and new counterclaims on April 27, 2009. Because plaintiff's allegations were not made before the filing of the first amended complaint, and because defendant responded well within the 30th day after the date on which it could respond to those allegations first made in the amended complaint, the cross claim is not extinguished by statute.

### Res Judicata

Terra Partners next argues that the doctrine of *res judicata* bars Defendants' counterclaim. It alleges that Defendants raised the fraudulent transfer issue in the Equipment and Partition declaratory judgment actions, as well as in a non-suited state court case.

That fraudulent transfer issue was not resolved in the Equipment and Partition Suits. *Res judicata* does not bar a party from raising an issue that was not resolved in and necessary to a previous declaratory judgment case. *Kaspar Wire Works, Inc. v. Leco Engineering & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)(preclusive effect can only be given to relitigation of any issue actually litigated, *declared*, and necessary to the declaratory judgment rendered, "that is, any judgment that by its terms states the relations of the parties with respect to the issue in question."). *Accord Empire Fire and Marine Ins. Co. v. J. Transport, Inc.*, 880 F.2d 1291, 1296-97 (11th Cir. 1989)(allowing insurer to raise defense in second action that court in earlier declaratory judgment action declined to reach).

Further, a non-suited state court case does not carry *res judicata* effect unless the issue sought to be precluded in the later suit was actually litigated and its merits ruled upon in the earlier suit, before the non-suit was entered. *See, e.g. Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006)(In ruling upon a motion for non-suit pursuant to Tex. R. Civ. P. 162, a Texas state "trial court generally has no discretion to refuse to dismiss the suit, and its order doing so is ministerial," and a plaintiff's right to non-suit does not prejudice an adverse party's right to later be heard on pending claims for affirmative relief ); *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854–55 (Tex. 1995)(*per curiam*)(But once "a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit."); *B & T Distributors, Inc. v. White*, 325 S.W.3d 786, 790 (Tex. App.–El Paso 2010, *no writ*)(after two earlier non-suits where "the only final ruling came in the suit presently before this Court ... *Res judicata* does not apply" because there was no "prior final judgment on the merits by a court of competent jurisdiction."). The state court did not reach a conclusion on whether or not Robert Veigel possessed

a valid right of subrogation. It stated that the dismissal was without prejudice to his alleged right of subrogation. No ruling upon the merits of the fraudulent transfer issue in the non-suited state court case having been made or necessary to the non-suit of that case, it has no *res judicata* effect.

## CONCLUSION

Defendants are entitled to a judgment that Terra Partners take nothing on its cause of action for conversion.

Defendants are also entitled to judgment on the counterclaim asserting that Bob Veigel's transfer of a subrogation interest in the Diversified Judgment was fraudulent.

Texas Business and Commerce Code § 24.008 provides multiple possible remedies for violation of § 24.006. Defendants (cross plaintiffs) shall submit a pleading setting out the specific remedy sought for the fraudulent transfer, supported by appropriate argument and briefing, by **June 20, 2011**. Plaintiff shall respond by **June 30, 2011.** The proposed remedy and a proposed judgment shall consider this Court's ruling on the Defendants' first motion for summary judgment, as well as this opinion on the second motion for summary judgment.

IT IS SO ORDERED.

Signed this 15th day of June, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE