IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 8 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| TERRA PARTNERS, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| RABO AGRIFINANCE, INC. and AG | § | 2:08-CV-194-J |
| ACCEPTANCE CORPORATION, | § | |
| | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' THIRD SUMMARY JUDGMENT MOTION

Plaintiff Terra Partners claims that Defendants Rabo AgriFinance, Inc. (Rabo) and Ag

Acceptance Corporation (Ag Acceptance) converted items of property allegedly owned by Terra

Partners, or leased by Terra Partners from Veigel entities.  Rabo and Ag Acceptance's third summary

judgment motion seeks summary judgment upon all of Terra Partners' remaining conversion claims,

upon multiple grounds.

### SUMMARY JUDGMENT STANDARDS

This Court may grant summary judgment on a claim if the record shows that there is no

genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c).  A party who moves for summary judgment has the burden of identifying the

parts of the pleadings and discovery on file that, together with any affidavits, show the absence of

a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548,

91 L.Ed.2d 265 (1986). If the movant carries this burden, then the burden shifts to the nonmovant

to show that the Court should not grant summary judgment.  *Id.* at 324-25.  The nonmovant must set

forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and

unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993).

The Court must review the facts and draw all inferences most favorable to the nonmovant.

*Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). Summary judgment is

also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing

sufficient to establish the existence of an element essential to the party's case, and on which that

party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for

summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not

negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.*, 37 F.3d 1069, 1075 (5th Cir.

1994)(quoting *Celotex Corp.*, 477 U.S. at 323). The nonmovant must then show by affidavits,

depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine

issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## PROPER SCOPE OF PLAINTIFF'S CONVERSION CLAIM

In its first amended complaint Plaintiff Terra Partners alleges the "Defendants wrongfully

denied Terra Partners its lawful rights to immediate possession to remove hundreds of items of

personal and leased property including but not limited to tractors and other rolling stock, irrigation

motors, gearheads, electrical panels, sprinklers, grain elevator equipment, portable concrete feed

bunks and waterers, implements, supplies, tools, parts, inventories of hay, feed, and silage, fuel and

oil, agricultural chemicals, growing crops, etc." from "Sections 21, 22, 39, 40, 42, [the] W/2 [of

Section] 60, [and Sections] 61,62, and 75" in Deaf Smith County, Texas./[1] The property which

---

[1]     Plaintiff alleges that the "personal and leased property which [is at issue in this case]
were later more specifically identified at trial in Cause No. 2:06-CV-00153-J to the extent such items
were listed on Defendants' inventory list" in the -153 lawsuit. Plaintiff Terra Partners was a named party
in the -153 case, known as the Equipment Suit. This Court ruled in that case that Rabo had the right to

2

Plaintiff stated was at issue did not include any items then located upon Section 59 or the east half of Section 60. /[2]

The specific property which Plaintiff asserts is at issue in this suit is listed on two pages filed as Exhibit A to the proposed joint pretrial order filed in this case./[3]  In a supplement to his first supplemental Rule 26 report, Steve Veigel expanded that to a ten-page listing of property allegedly owned or leased by Terra Partners which was allegedly converted by the Defendants./[4]  Summary judgment was sought twice by Defendants on Plaintiff's claims, and granted.  Plaintiff nevertheless asserts that genuine issues of fact remain on their conversion claim, related to property it "possessed but did not own" at the time of the eviction in 2006.  The Court therefore ordered Plaintiff to state

---

foreclose on the properties at issue in the Equipment Suit, which Plaintiff again attempts to put at issue in this case.

[2]      In its first amended complaint Terra Partners alleged that it "removed its Caterpillar tractor and 3 discs from Section 59 and E/2 of 60 and sold them at a public sale."  Plaintiff further alleged that it "was ultimately able to retrieve and sell some of its personal property" in addition to the tractor and three discs.  What that personal property is has not been specified.  Presumably that personal property and equipment was never at issue in this suit but, if it was, the Court has already granted summary judgment to Defendants on that conversion claim.  The Court's first summary judgment opinion in this case eliminated a claim for conversion of Terra Partners owned property based on Terra Partners' refusal to identify its property after the eviction:

> In the case before this Court, the Defendants recognized that Plaintiff might have ownership of some of the equipment and made a reasonable request that Plaintiff identify that property so that arrangements could be made for the Plaintiff to obtain it. Plaintiff, for whatever reason, steadfastly refused to identify the property which it claimed.  Under those undisputed circumstances, Defendants did not convert Terra Partners' owned property.

*See* Memorandum Opinion, Docket Entry #97 at page 8.  Additionally, the Court has ruled that many items of property allegedly converted were fixtures that properly went with the land.

[3]      *See* Exhibit A to Second Summary Judgment motion.

[4]      *See* Exhibit C to Second Summary Judgment motion.  However, this Court already ruled in the Equipment Suit that the pieces of equipment on the farm sales inventory list that bear the notations "XXI Fixture," "Fixture XXI," "Fixture," "Fixture BV + TP," "Fixture XXI or BV + Heirs," or "Fixture XXI/BY and Heirs" are fixtures, and that the irrigation system's pumps, underground pipes, and underground electrical lines are fixtures.  As fixtures, those pieces of equipment became part of the realty and went with the realty upon execution of the writ of possession.  Defendants therefore did not convert those items.

clearly and explicitly any remaining cause of action that it contends was not addressed by the order on the first two motions for summary judgment.

In response, in a pleading improperly entitled "Plaintiff's Supplemental Complaint and Statement of Claim on Conversion" filed August 5, 2011 (Docket #149), Plaintiff stated that the property allegedly converted was

> "all non-household personal property located on all of Section 21 except the NE/4
> thereof; Sections 22, 39, 40, 42 except the NW 5 acres thereof, 59, 60, 61, 62, and
> the N 438.36 acres of Section 75 all in Block K-4 and S/2 of Section 26 and N/2 of
> Section 35 ... in Deaf Smith County, Texas that ... Plaintiff did not own, but actually
> possessed and had right to use pursuant to either a written or oral lease and/or verbal
> consent of the owner (e.g., Terra XXI Ltd., Veigel Farm Partners, Veigel Farms Inc.,
> Grain Central Station, Inc. dba Veigel Grain Company, Robert "Bob" W. and/or Ella
> Marie Veigel, Steve Veigel, Bill and/or Holly Veigel, Jim Friemel, Ralph Paschel,
> Hereford Welding & Supply, and BJM Sales and Service and/or Chris Cabbiness);
> and [that] Plaintiff owned and possessed that was identified to Defendants and/or
> their agents either at the time of the October 23 - 25, 2006 eviction or at the October
> 31 - November 2, 2006 farm inventory taken by Defendants which was attached to
> the final judgment in the Equipment Suit."

That allegedly converted "personal property and equipment" was listed on exhibits A, B, and C to the August 5, 2011 pleading. By this pleading Plaintiff attempts to change the factual basis of its conversion claim from Defendants' allegedly wrongfully refusing permission to move items of property *to* the 960 acres into a conversion of additional items of property then located *upon* that acreage.

Plaintiffs improperly attempt in that pleading to add as items converted "all non-household personal property located on" Sections 59 and the east half of Section 60. Plaintiff's attempt to change and expand its conversion claim beyond what it had earlier pled is improper. The Court did not grant Plaintiff leave to filed a supplemental complaint changing the factual basis of their conversion claim and adding additional property claimed to have been converted, and Plaintiff did not seek leave to do so. The Court ordered Plaintiff to state clearly and explicitly any *remaining* cause of action. This attempted new claim, regarding additional non-household personal property located upon the section-and-a-half 960 acre farm, was specifically excluded by Plaintiff from its first amended complaint and, therefore, was not a *remaining* claim or cause of action. Plaintiff's improper attempt to add new items of allegedly converted property, at this late date, will not be permitted.

## DISCUSSION AND ANALYSIS

In their third summary judgment motion, Defendants argue first that Terra Partners cannot bring any remaining conversion claim because it did not have a superior right to possession of the allegedly leased equipment. Second, Terra Partners has no evidence of actual damages for loss of use of any leased or possessed equipment. Third, that Terra Partners did not and has not properly pled that Defendants converted any items of equipment that were then upon the 960 acre farm (Section 59 and the east half of Section 60). Fourth, that the underlying lessors of the leased equipment at issue explicitly waived all claims for conversion of the leased equipment. Fifth, assuming there was in fact a breach of the peace at the time of the eviction Terra Partners would be entitled to recovery for losses incurred because of that breach, but not to damages for conversion of the leased equipment, and Terra Partners has not pled or provided any discovery responses claiming

that it was damaged by that breach of the peace. The Court will first briefly address one additional aspect the scope of Plaintiff's conversion claim which is raised in Plaintiff's response to the Defendants' third point. Defendants' other arguments are interrelated, and are addressed as they relate to evidence, or the lack thereof, of actual damages and the Veigel lessor entities' waiver of Plaintiff's claims.

### Property on the 960 Acres

In response to Defendants' argument that Terra Partners did not plead that Defendants converted any items of equipment that were on the 960 acre farm, Plaintiff states that in this case Terra Partners identified specific property on the 960 acres that was allegedly converted as early as March 6, 2009, through the filing of Steve Veigel's first supplemental Rule 26(a) disclosures. Plaintiff points to its pleadings (which do not actually say that items on the 960 acres were converted) and their lists of converted items. However, the only items located upon Section 59 or the east half of Section 60 that are listed in Steve Veigel's supplemental report were engines, gearheads, drivelines, valves, protective hog panels and associated irrigation well equipment, and fencing located upon that acreage. As fixtures, those pieces of equipment became part of the realty and went with the realty upon execution of the writ of possession. Defendants did not convert those items when it took position of the land at the time of the 2006 eviction./[5]

---

[5]    In earlier lawsuits, the filed affidavit of Joe Ward, the farm equipment appraiser hired to organize the public auction on the Big Farm, stated that it was the normal and customary practice when selling real estate, in this case the Big Farm and everything on it, to sell the land with its improvements, such as this equipment which Terra Partners alleges in this lawsuit was converted. The filed affidavit of Jim Summers, the auctioneer who conducted the auction, stated that all of the items offered for sale were sold. Those were the relevant issues before the Court regarding confirmation of the April 2, 2008, public sale. In overruling the objections to the sale, the Court reviewed the evidence submitted, considered the objections, and concluded that all of the Veigel's objections were without merit. It ruled that the credits should be given in the amounts shown in the record. Final judgment was entered accordingly, and affirmed on appeal. For a listing of farm and ranch equipment sold at the April 2, 2008, public auction,

As set forth at length above, Terra Partners did not plead that the Defendants converted any other items of equipment that were on the 960 acres farm (that is, Section 59 and the east half of Section 60). Further, any conversion claim based on owned, possessed or leased property located upon that acreage was specifically excluded in Terra Partners' first amended complaint by Plaintiff's intentional omission of that acreage. Terra Partners has not provided competent summary judgment evidence that either Defendant took affirmative acts to convert equipment or other property located upon the 960 acres, which was not a part of the eviction proceeding.

### *Superior Right to the Leased Equipment*

Defendants argue that Terra Partners cannot bring any remaining conversion claim for allegedly leased equipment because it did not have a superior right to possession of the leased equipment. Plaintiff responds that neither Defendant had the right to possess the property because during the eviction process they seized it in violation of Tex. Bus. & Comm. Code §9.609(b)(setting out the manner in which a creditor may take possession of property). Plaintiff contends that neither Defendant took possession of the personal property at the eviction in either of the two ways permitted by § 9.609 (b) and that, therefore, the seizure of the personal property was not authorized by law, Terra Partners continued to have a superior right of possession in the property.

Section 9.609 (b) states that, after default, a secured party has the right to take possession of the loan collateral pursuant to judicial process or, without judicial process, if it proceeds without breach of the peace. Tex. Bus. & Comm. Code § 9.609 (b)(1) & (2). Plaintiff argues that the use of armed Deaf Smith County Sheriff's deputies at the judicial eviction was a breach of the peace, and

---

see the published auction notice, which is filed of record in this case as document 124-2, page 15, page ID 3809 (and at other record locations). That notice was also filed of record in civil action 2:06 CV-272-J (the Partition Suit) and 2:06-CV-153-J (the Equipment Suit).

that the taking of possession of loan collateral within the eviction procedure was not done pursuant to judicial process.

The eviction was conducted by the Deaf Smith County sheriff's office as ordered (and upheld) by Texas state courts./[6] Terra Partners' attempts to re-characterize that judicial process of eviction as a "non-judicial repossession" with an accompanying "breach of peace" is not supported by the undisputed facts. Plaintiff alleges that the act of conversion took place at the time of the sheriff's eviction. They argue, in essence, that the act of conversion was completed at the time the Veigels refused to identify their property upon Defendants' request. The Court has already ruled against that conversion theory.

Plaintiff cites no legal authority for the theory that the UCC prohibition on "breaching the peace" can apply to a judicially-authorized eviction conducted by an armed Texas sheriff's officer pursuant to a valid court order. After its lessors' default Terra Partners, as lessee, did not have a claim to possession or use of the equipment that was superior to its lessors' secured creditors; therefore, there was no conversion of any other property which was secured by a defendant's perfected security interest – which covered all of the equipment, fixtures, and other non-fixture property which is at issue in this case./[7]

### *Waiver*

Defendants argue that the governing security agreements contain an explicit provision waiving claims for conversion of the equipment subject to the security agreements (i.e., the

---

[6]     *See Terra XXI, Ltd. v. AG Acceptance Corp.,* 280 S.W.3d 414, 418 (Tex. App. – Amarillo 2008, *pet. denied*)(upholding the 2006 eviction of Terra Partners and other Veigel entities from the Big Farm).

[7]     Plaintiff concede that "pursuant to Terra Partners' settlement in the Friemel litigation," Plaintiff "is not seeking damages (other than loss of use until time of sale) for its personalty previously sold by Defendants."

equipment leased to Terra Partners)/[8], and that Tex. Bus. & Comm. Code § 9.603 specifically permits such a waiver agreement.  Plaintiff responds that Ag Acceptance did not hold any debt or security interest in the personal property converted at the time of the eviction, or subsequent thereto, including any right of waiver of claims for conversion after its reassigned all of its interests to Ag Services of America, Inc. in either 2002 or 2003.  Plaintiff states that Rabo, as successor to Ag Services of America, Inc., may assert waiver as a secured creditor under the security agreements, but argues that Tex. Bus. & Comm. Code §§ 9.602(6) and 9.609 do not apply to the waiver because the eviction process was not a judicial foreclosure.  Plaintiff argues that §9.602(6)/[9] prevents waiver or variance of the rules in §9.609 (regarding the duty of those who take possession of collateral without judicial process to do so without a breach of the peace)./[10]  The Court has already addressed Plaintiff's "breach of the peace by an armed deputy" theory (there was none) and its non-judicial eviction argument (it was a judicial eviction authorized by a state court).

---

[8]      See Ex. J, at ¶ 11, line 6, App. p. 127 ("Debtor waives all claims for trespass or conversion and damages in any manner caused by Secured Party, its agents and assigns.").

[9]      § 9.602, entitled "Waiver and Variance of Rights and Duties," states in relevant part that "[e]xcept as otherwise provided in Section 9.624, to the extent that they give rights to a debtor or obligor and impose duties on a secured party, the debtor or obligor may not waive or vary the rules" of "(6) Section 9.609 to the extent that it imposes upon a secured party that takes possession of collateral without judicial process the duty to do so without breach of the peace."

[10]      § 9.609, entitled "Secured Party's Right to Take Possession After Default," states:
(a)  After default, a secured party:
        (1) may take possession of the collateral; and
        (2) without removal, may render equipment unusable and dispose of collateral on the debtor's premises under Section 9.610.
(b)  A secured party may proceed under Subsection (a):
        (1) pursuant to judicial process; or
        (2) without judicial process, if it proceeds without breach of the peace.
(c)  If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party that is reasonably convenient to both parties.

As the mere lessee of the equipment, Terra Partners is bound by the waiver in the Security Agreements. Under Tex. Bus. & Comm. Code § 9.315, "a security interest or agricultural lien continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest or agricultural lien." Tex. Bus. & Comm. Code Ann. § 9.315 (Vernon 2011). It is undisputed that neither Defendant authorized any sale, lease, sublease or other disposition of the property free of the perfected and attached security interest. The contractual waivers of the Veigel entities' (including Terra Partners') conversion claims are valid, unambiguous, and binding on Terra Partners as lessee; therefore, its conversion claims fail.

The ever-shifting nature of Plaintiff's conversion claims and the costs which the Veigel entities' seriatim litigation tactics have imposed upon their secured lenders illustrates why lenders seek waiver agreements in security agreements. Defendants' waiver defense in this case pretermits Plaintiff's present (and future, if any) conversion claims because they were waived in the Veigel security agreements.

### *Evidence of Actual Damages*

In this Court's July 28, 2010 order striking Steve Veigel as an expert witness (Docket # 87, at p. 2-3), the Court ruled that

> [Steve Veigel] has presented a convoluted argument exploring theories of the measure of damages based on legal conclusions that he is not qualified to render. Further, although he alleges million of dollars in damages, he offers no facts to show that Plaintiff incurred any of those losses. The Court concludes that his testimony is not based on sufficient facts or data, and his testimony is not the product of reliable principles and methods . . ..

In its third summary judgment response, Terra Partners' brief on actual damages cites only Steve Veigel opinion report. While Steve Veigel's report offers opinions about the measure of damages in a theoretical conversion case, his lay opinions have no connection to any actual damages Terra Partners may have or did incur in this case.

Terra Partners' damage claims fail because there is no factual support in this record for the actual damages claimed. Further, there is no logical, factual connection between the kinds of damages allegedly suffered and the theoretical measures of damages of damages offered by Plaintiff. Terra Partners has not provided any evidence that it actually lost any business profits. It presents alleged rental and fair market values for the equipment at issue, but it has not presented any evidence that it lost actual revenues. Terra Partners speculates that it could have sub-leased the equipment to whoever leased the big farm, but Terra Partners has never pointed to any facts showing that, before or after the eviction, any actual lessee would have leased the equipment from Terra Partners (a mere lessee of equipment that was the subject of a pending lawsuit) on land that had been foreclosed and from which Terra Partners had been evicted. It is unreasonable to speculate that either of the Defendants would have agreed to a big farm sub-lease controlled by Terra Partners, or to that any other speculative sub-lessor would have agreed to lease the equipment for use on the big farm or the 960 acres, since the equipment and other property was the subject of pending litigation in the Equipment Suit (2:06-CV-153-J).

As an additional claim for damages, Terra Partners asserts (for the first time in its third summary judgment response), that it was damaged by the alleged conversion because it lost the opportunity to negotiate a higher fair market sale of all or some of the personal property with proceeds therefrom deposited in the Court's registry in the Equipment Suit. Terra Partners was the lessee of the equipment. A lessee would not be entitled to any benefit from a sale of the equipment

– that theoretical benefit would go to the lessor. Terra Partners does not cite legal authority for its theory that a lessee is somehow damaged by an inability to help facilitate a sale of equipment it merely leased. Neither the facts or the law support this damages theory.

Terra Partners' damages calculation fails to allow for deductions for its cost of doing business, and fails to explain or account for the fact that, as the mere lessee of the equipment, it was obligated to pay rent to its lessors of the equipment. Terra Partners damages claim fails because its net damages as asserted are conjectural and speculative. Under Texas law, neither the fact and amount of damages alleged can be speculative; both must be established with "reasonable certainty." A plaintiff's failure to show either acts as a bar to recovery. *Burkhart Grob Luft Und Raumfahrt GmbH & Co. KG v. E–Sys., Inc.,* 257 F.3d 461, 467 (5th Cir. 2001).

At the summary judgment stage, it is not sufficient for a plaintiff to simply state a theory of damages without pointing to competent summary judgment evidence of facts showing that it actually suffered the damages claimed. *See e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) (non-moving party must go beyond pleadings and designate specific facts to show there is a genuine issue for trial). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998); *Camp v. Ruffin,* 30 F.3d 37, 38 (5th Cir. 1994)(upholding district court's summary judgment dismissal of plaintiff's

tort claims because plaintiff failed to provide evidence showing what he "actually lost-i.e., out-of-pocket damages or pecuniary loss").

## CONCLUSION

For the reasons set forth above, summary judgment for Defendants is granted on Plaintiff Terra Partners' conversion claims.  All other claims having been ruled upon by the Court's earlier summary judgment orders, Defendants are entitled to judgment in this case.

It is SO ORDERED.


Signed this the _____ day of November, 2011.


**Mary Lou Robinson**
United States District Judge